We'll hear argument first in No. 2011-1437, Price v. Gates. Mr. Berg, when you're ready. Good morning, Your Honors. May it please the Court, I am Robert Berg, attorney for the Plaintiff Appellant. This is a class action on behalf of former civilian employees of the Department of Defense whose earned performance bonuses were wrongfully withheld from them. The Plaintiff, Robert Price, was a Department of Defense civilian employee for 36 years. He retired in 2007 and then he was rehired as an annuitant for a finite two-year period so he could continue some important computer work. His annuitant agreement with the Department of Defense expired on January 3, 2009. The Plaintiff was denied a $4,777 cash performance bonus. Would that normally have been paid on the 4th? That's correct, Your Honor. And so what is your view of what the effective date is? The effective date of the rating was January 1, 2009. So he was still employed as of the effective date of the rating. So our view would be that, at the very least, he would be entitled to the cash bonus because he was still employed as of January 1. Well, the regulations talk about the effective date of the rating but also the effective date of the payout. Now, is there anything to indicate that those are the same day? Well, the effective date of the rating is defined in the regulation as January 1. I understand that. But the question is, is there something in the regulations or otherwise that tells us that that is the effective date of the payout, which is the expression that's used in the regulation? In the regulation, they define the effective date of the salary increase as the first pay date of the new calendar year. But the regulation is silent as to the effective date of the bonus payment. I understand that. But the language that's used, I guess it's 9901-342-7, is the reference to the salary, as you say. But then it says it makes a reference to the effective date of the payout, presumably the time that you get either, well, at least the time you get the bonus, right? Wouldn't that be presumably what they mean by the effective date of the payout? Well, that is not precise, the language in the regulation. So you have the effective date of the salary increase being defined. It's silent as to the effective date of the cash payout. But then we have the rating becoming effective on the first. So our view is since a bonus is a reward for past work that's already been done, it should be at least, if you're employed on the effective date of the rating, you should get the bonus for the prior year's work. This work was completed by September 30th of the prior calendar year. So you're getting a bonus for that work that you had done in the past. If the regulations are ambiguous, then, because there's silence on this matter as to the payout for the bonus, don't we have to give deference to the agency's interpretation of the regulations? Well, there's a comment in the comments to the regulations, and there's a person who said, if someone had retired during the prior calendar year, do they get the bonus? And the department said, no, you don't. Why wouldn't that sink you here? Because he was actually employed as of January 3rd, which is in the new calendar year, so it was not for the prior calendar year. So I don't think that that interpretation that the Department of Defense had made really applies there. It's a different situation. Because your view is that the effective date of the payout is January 1st, and then the example in the history of the regulation, this guy wasn't employed on January 1st. Right, and he was not employed as of the effective date of the ratings. So his rating would not have been effective in titling it to the bonus. So I don't think that comment really applies to our situation, certainly. And there are thousands of retired DOD employees who work pursuant to an annuity contract, and the contract expires after the effective date, January 1st, or before the first payout date. So they were all deprived for work that they had done in the past. What about the agency's interpretation of its own regulations in their legal brief? I really don't think that that should be entitled to deference here. You make a good argument why it shouldn't be entitled to deference, but doesn't the Supreme Court in the Chase case say that it is entitled to deference? It's an ex-post rationalization for a way to deprive these people of their cash bonus. I don't disagree with your logic, but how do you get around the Chase case? I don't think that really applies to the situation here. Well, Chase is talking about an amicus brief. That's correct. It seems to distinguish party briefs. I think that's right, Your Honor. So the purpose of this national security personnel system was to incentivize people to try to mimic what's done in the private sector. It would incentivize people to do performance-based work, and the way the Department of Defense was depriving these people of their bonus was fundamentally inconsistent with the purpose of that statute, and it's a fundamentally unfair result. These people had done all the work that they were required to do. They had done an excellent job three months earlier. I mean, they had worked for that entire period, and just by dint of this timing issue, which was really not within their control, they're deprived of the cash bonus, which they worked hard for and did wonderful work for the government to get. If Your Honors have any other questions, I'll go one more. Very good. We'll reserve the amount of time that you've reserved, and we'll hear from Mr. Blake. May it please the Court. To quickly address a couple of the questions that the Court had, Your Honor, Judge Steik asked if the payout would be January 4th. The effective date of the payout is the first pay period of the new calendar year. The actual payment wouldn't be until the payment for that pay period. How do we know, though, that the effective date for the payout, that is the bonus as opposed to the salary increase, is the January 4th? As the Court has been discussing, the regulations that are being referenced went into effect in late November of 2008. The regulations that had been in effect prior to that had the language that said the effective date of the performance payout is the first pay period of the new calendar year. The system is set up, as the Court is aware, that a performance payout consists of an increase in salary, a bonus, or a combination of the two. It is effectively increased payment in the future based on a rating of the performance in the past. But the regulation is very specific when it says that it's the salary payout. Doesn't that imply a distinction between the bonus payout and the salary payout? It may, but in this case I don't think that it does and I don't believe any was intended. As the Court has already referenced, a question along those lines came up during the notice and comment period. The agency responded and said, no, if you retire before the end of the year, you're not there on the effective date of the payout, you're not eligible. But if you retire before the end of the year, you wouldn't be there on the effective date of the rating either. So that doesn't necessarily answer the question, does it? Well, the effective date of the rating, another point I think is, the rating is still going to be effective on January 1. I mean, if you're getting rated for that appraisal period, then it is often important or often critical that employees have a rating of record. So even if you leave sometime after the rating period and before the rating becomes effective or even a few days after the rating becomes effective, you will still have a rating of record, which did not actually become effective until January 1. And the payout associated with that rating of record is then made in connection with the first pay period thereafter, which is the first pay period of the new calendar year. You say that the prior version of the regulation specifically addressed this with respect to bonuses? Well, it didn't use the word bonus, it just used the term performance payout. Performance payout was first pay period. Yes, sir. Which would cover presumably bonuses and salaries. Yes, sir. Salary increases. And that language was changed in this version of the regulations. The language is different. As I said, these regulations didn't actually go into effect until November 2008. We're talking about a rating period that ended at the end of September 2008. Nevertheless, the agency said when it promulgated the regulations after the notice and comment period that it didn't. It was simply codifying the earlier regulations. It didn't see any substantive change. And as represented by the agency's comment during the notice and comment period, the agency said if you're not here on the effective date of the payout, then you're not eligible for a bonus. There's this wonderful statement in the notice. It says one commentator suggested that these provisions clarify when performance payouts are effective and or paid. These sections have been revised to add clarification to the effective dates in each of these circumstances. Where's that clarification? Well, Your Honor, they obviously didn't do as good a job as we would have liked to the extent there was confusion. Other than it appears that as it always had been, the agency was saying it still is, that the performance payout consists of one or both, one or the other or both, of a salary increase and a bonus payment. And the rating effective is not until January 1st. The payout is effective the first pay period thereafter. And if you're not employed under the NSPS system, then you're not eligible for the payout when the effective date arrives. Let's assume that we're in our situation, that the regulation is unclear. Where's the agency's interpretation in your view that we should be deferring to? I think both the comment in the notice and comment process and the position taken in our brief, which I think are entirely consistent. But doesn't Chase suggest that a position taken in a party brief maybe isn't entitled to deference? Well, Chase makes the comment that, as Your Honor mentioned before, it was dealing with amicus briefs from the agency. And the cases it references were dealing with amicus briefs from the agency. And adds support to giving them deference with the comment that this is not an agency position taken in response to an attack. And as I was saying, neither is the agency comment during the notice and comment proceedings on the regulation. And the position in our brief is entirely consistent. I mean, perhaps it would be useful for me to explain to the Court. Mr. Price's complaint references and the regulations set out in typical bureaucratic clarity that the money that can go into the pay pool, I mean, basically every step of this process is discretionary management. And whether someone receives a performance award should never be considered mandatory. But the money that potentially can go into the payment pool is the money made available for federal employee pay raises, which everywhere else in the government go into effect in the first pay period of the next calendar year. After Congress appropriates the money, the President decides what the pay raise is going to be and the allocations are made to the different agencies. That money, the Secretary of the Department of Defense can decide how much of that money, what percentage of that money he wants to use to make performance payouts. But you're not arguing that that discretion over the entirety of the program would give discretion to not give a payout if the regulations dictated one was due. So I'm not sure what the point of all the discretion is except on your jurisdictional argument. I'm sorry. So you don't have discretion to just decide I'm not going to give a payment if the regulations say that the payment has to be made. My point here is that the entire process is geared toward making the payout available in the first pay period of the next calendar year. That's when the money is available for all of the other pay raises for all of the other federal employees. That's when the money becomes available for these pay raises, which under this system are a bit more flexible, because it's possible that it's not just a straight pay raise. It could be a salary increase, which continues on and on as long as you're employed. It could be a bonus or it could be split as a combination of the two. That's the essential process. That wasn't changed here. The same money is being used as is used for all other pay raises, which go into effect in the first pay period of the new calendar year. It's just being used a little bit differently and increased the flexibility of the system in terms of the way in which it would award people in the future for performance done in the past. It's really not any more complicated than if you give someone a raise because they've been doing a good job, the raise is prospective. Here the raise could be a salary increase. It could be a bonus. It could be a combination of the two. And just like all of the other raises, it went into effect based on a rating that became effective on January 1st. It went into effect the first pay period thereafter. That's when the money became available. There wasn't any money. There wasn't any rating. There wasn't any ability to make any payments prior to that. And the combination of a performance payout being one or the other or both, an increase and a bonus, is not ambiguous when you read that provision in the regulations, the newer regulations that say the effective date of the performance payout. That's a performance payout, a combination of one or the other or a combination of the two. Are bonuses possible if there's still room in the pay grade for increase? If I understand your question, the answer is no, ma'am. If you are at the maximum salary for your pay band, your increase is going to be entirely a bonus. Correct. But if you're not at the maximum, could you get just a bonus without having any portion of your salary increased? I think you could. That's one of those management discretion decisions where in the regulations, there are instructions for management to keep in mind that a salary increase will be a forever increase. That employee will now make that much more money for the rest of his employment with the department. A bonus is obviously a one-time lump sum payment. And there are a variety of factors such as whether performance is expected to continue at the same level, whether this is important for retention and those kinds of things. So I'm not aware that that ever happened, but I think under the flexibility of this system, yes, the increase in next year's salary could be represented entirely as a bonus. Do you think that the department would be free to change the effective date of the payout with respect to the bonuses to, let's say, February 1st or March 1st under these regulations? I don't think so. My only hesitation was if for some reason the money just was not available. Suppose that they just decided, you know, we really want to encourage people to stay with the agency for more than just a week after the end of the year. And one way to do that is to say, well, you'll be entitled to these bonuses, but we're not actually going to put it into your check until March. Do these regulations confine their discretion in that respect and keep them from doing that? I believe they do. I mean, Your Honor makes a good point. There are a number of, of course, there are a number of employees who retire all the time. There are a lot of employees who ponder retiring at the end of the year, and usually the counsel is wait until after that first pay period because that's when pay raises go into effect. That will affect retirement calculations and all those kinds of things. As I was mentioning before, this system is entirely consistent with that approach, which has been longstanding. And I believe, Your Honor, that I would say that, no, the agency, the effective date of the payout is the first pay period of the next year. But my question, you've been discussing how the overall structure sort of leads one to that conclusion, but I'm having a hard time finding anything actually in the regulations. I'm looking at it from the opposite perspective. Could the agency decide we're going to change our practice without running afoul of anything in the regulations? And you seem to be saying, well, no, they really couldn't. No, I don't believe they could. What specifically would they be running afoul of? The definition of a performance payout. A performance payout is, as I said, one or the other or a combination of the two. Put differently, what regulation or policy fixes the date of the performance-based payout as January 4th? I think as the trial court reasoned, the regulation that says that the effective date of the salary increase. No, no, the actual date. I mean, you both agree that the actual date of the payouts is January 4th. I think what Judge Bryson is saying is, so what fixes January 4th as the date of the payout? Is there something in the regulation? Is there something elsewhere in DOD regulations? How do we know that the right date to be paid is January 4th? Well, in this case, it's January 4th because that's the first day of the first pay period. But that regulation makes clear that that would be the day for the salary increase. But it doesn't add unless we accept your suggestion that it was intended to encompass both. It doesn't specifically bind the agency to pay the bonus as of that date. Yes, sir, I understand. And arguably, I guess reading all of that most liberally in favor of the plaintiff, there is arguably no statement of when the bonus becomes effective, which would lead to your honest suggestion of, well, can the agency change it to any date it wants? Right. And I think consistent with the agency's interpretation of the regulation, which is that even though it says the salary increase, the salary increase is just one component of a performance payout, and that's the day when the performance payout, as the prior regulations had made clear, that's the day when the performance payout becomes effective. I would argue that's the day when the bonus becomes effective. There's nothing that suggests it could possibly become effective earlier. And, you know, as Joanna said, I don't believe the agency ever attempted to make it later. At this point, the agency will never attempt to make it later because the system no longer applies. But what is it? I'm still confused. What is it? Somebody says make these payouts on January 4th, right, performance-based payout, the bonuses. How is that determined that January 4th is the right date to make the payment? Well, I'm not talking now about the language of the regulation. I'm just saying as a mechanical matter, there's a determination these amounts should be paid on January 4th. Who determines that and why is January 4th the right date for the actual making of the payment? Well, as I mentioned when I first started, the payment's not actually made January 4th. January 4th is the beginning of this particular year's first full pay period. And that you get January 4th, I take it, from Section 342.6, right, which talks about the salary being made as of the first day of the first pay period, which in this particular year happened to be January 4th, I take it. Yes, sir. All right. Well, I understand that January 4th itself isn't the magic date, but that the bonuses are paid during the first pay period of the new year, right? Well, they're paid as part of the pay for that first pay period. But why are they paid then? Who determines that that's when it should be paid and why is it made on that date? I'll do my best to understand because that's when an employee's salary increases as a result of the performance payout. Any component that is a salary increase. Who makes the decision that that's the right date? Somebody within who's making up the pay slips and determining when the amounts should be. Somebody makes a determination, okay, we're going to make these payments, in this case, on January 4th. Who makes that decision and where does that person take the direction from? That decision is just a function of the normal pay process. In this case, January 4th was the beginning of the first full pay period of the new calendar year. That means the previous pay period ended on January 3rd. I understand your position is that it's the regulation that dictates the pay increase that is the source of that authority or the source of the decision making, correct? Yes, ma'am. Now, if Your Honor is asking, do the bonuses get paid separately than everything else? From my own personal experience, the answer is yes and no. It all comes in the same paycheck for that first pay period. There will be a line item separating it out, but it will all come in the paycheck for that first pay period which most likely will come somewhere between 10 and 14 days after the end of the pay period. Okay. Thank you, Mr. Blades. Thank you. Any rebuttal? Your Honors, there's a whole class of people, including my client, who were annuitants whose contracts actually expired on January 3rd. So they didn't have an opportunity to defer their retirement and make a conscious decision, but they would wait for the first pay period. So this class of people had worked the entire rating period the prior fiscal year, were expecting their bonuses. That's just one of the consequences of being a reemployed annuitant, which is in some respects a very favorable status, in some respects not so much. And it's one of the consequences is that you have a fixed period and you don't get to change it. That's correct, Your Honor, but the idea of this legislation is to promote fairness and incentive compensation for workers in the Department of Defense. And the result that would be directed by the government's position would really be a fundamentally unfair result because these people did all the work. They qualified for the performance rating. That period had expired three months earlier, and by dint of a day, it's gone. It disappears. But you're not contending that the payout should have been made earlier. I'm contending that the effective date of the payout should be the date of the effective rating, which was January 1st. But why isn't the most natural construction of the regulation, the effective date of the payout, is the date on which the amount was paid? Well, if you allow them to get paid later, it really doesn't matter. You know, if they qualify. But you're not saying he should have been paid the bonus in December. No, no. So you're saying it was okay that the cash for people who got bonuses was paid on January 4th, right? As long as they qualify and vest in the bonus, it really doesn't matter when they get paid. But if the rating becomes effective January 1st, they're still employed as of January 1st. It should vest at that time, regardless of when it's paid. If it's paid a week or so later, it really doesn't matter. Thank you, Your Honor. Thank you. The case is submitted. We thank both counsel. Thank you. We'll hear argument next in number 2,000.